Attorney for Plaintiff:

Phillip M. Williams, OSB No. 974376
Phillip M. Williams, P.C.
2295 Coburg Rd., Ste. 302
Eugene, OR 97401
(541) 521-4266
philmwilliams@msn.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| PENNY FOSHEE, PERSONAL REPRESENTATIVE, ESTATE OF JAMES E. PETERSON, JR., an Oregon Estate,<br><br>                    Plaintiff,<br><br>          v.<br><br>LANE COUNTY, a political subdivision of the State of Oregon, ELLEN F. ROSENBLUM, in her official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON; and BETSY IMHOLT, in her official capacity as DIRECTOR OF THE OREGON DEPARTMENT OF REVENUE,<br><br>                    Defendants. | Case No.  6:24-cv-447<br><br>**COMPLAINT FOR CIVIL CASE**<br><br>**Deprivation of Rights Action**<br>**(42 U.S.C. § 1983)**<br><br>JURY TRIAL DEMANDED |

1.      Plaintiff Penny Foshee, Personal Representative of the Estate of James E. Peterson, Jr., ("Plaintiff") brings this action individually against Defendant Lane County, as well as against the State of Oregon by and through its Attorney General, Ellen F. Rosenblum, in her official capacity, and the Agency Director of the Oregon Department of Revenue, Betsy Imholt, in her official capacity ("Defendants").

**NATURE OF THE ACTION**

2.      This case seeks to end and remedy the unfair and illegal practice of Oregon Counties retaining the entirety of proceeds from the tax foreclosure sale of properties that is greater

Page 1 - COMPLAINT

than the amount of property taxes and associated costs owed, rather than returning the surplus proceeds to the former property owners. Oregon Counties use small amounts of unpaid real estate property taxes to seize property, evict the owners, and then either take and keep the property for the Counties' benefit or sell the property for amounts that exceed the amount of unpaid taxes.

3.      In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), The United States Supreme Court held that the practice of a government retaining surplus proceeds without providing an adequate means for the former property owners to recover the surplus proceeds is a taking of private property for public use without just compensation in violation of the United States Constitution.

4.      Plaintiff asserts that the retention and distribution of surplus proceeds or the retention of the property and the equity in excess of the unpaid taxes and associated charges violates the U.S. and Oregon Constitutions' prohibition on the taking of private property for public use without just compensation as well as the U.S. Constitution's prohibition on the imposition of excessive fines.

5.      Plaintiff seeks just compensation for the taking of decedent, James E. Peterson, Jr.'s private property, a declaration that ORS 275.275 and ORS 275.318 are unconstitutional, reimbursement of expenses and costs of suit and attorney's fees as allowed by law, prejudgment interest, and such other relief as the Court deems just and proper.

## THE PARTIES

A.    **PLAINTIFF**

6.      Plaintiff Penny Foshee is the personal representative of the Estate of James E. Peterson, Jr., State of Oregon, Lane County Probate Case No. 20PB02086. Decedent James E. Peterson, Jr. was a citizen and resident of Oregon, County of Lane at the time of his death.

7. Decedent James E. Peterson, Jr. owned the property commonly known as 38534 Dexter Road, Dexter, Oregon 97431, Lane County Tax lot Numbers 1421963 and 1421971 (the "Peterson Property"). James E. Peterson, Jr. inherited this property from his parent's bypass trust that formed at the death of his father. Upon James E. Peterson's mother passing in 2015, he became the sole beneficiary of the trust, and this property was distributed to James E. Peterson, Jr. by Bargain and Sale Deed on February 4, 2016. From June 2015 throughout the tax foreclosure and redemption period, James E. Peterson, Jr. suffered from chronic, poor health resulting in multiple hospitalizations, which rendered him physically incapacitated and at some points mentally incapacitated. James E. Peterson, Jr. attempted to buy back the property after the redemption period, providing medical documentation for his incapacity and inability and offering to pay for the past due taxes but Defendant Lane County refused.

8. Due to $19,070.62 in taxes owed, Lane County foreclosed on and took ownership of the Peterson Property on or around September 2017. Defendant Lane County currently retains the Peterson Property under ORS 275.318.

9. The difference between the fair market value of the property and the amount of taxes and associated fees and penalties is around $2,280,725 (the "Peterson Surplus Equity").

10. Lane County retained the property and subsequently all of the surplus equity, rather than return the surplus equity to decedent Peterson or his Estate.

11. Lane County retained and distributed the Peterson Surplus Equity pursuant to ORS 275.275 and ORS 275.318, which mandate that Lane County may not return the excess surplus proceeds from the sale of a tax foreclosure property to the former property owner and instead must retain and distribute the proceeds to local governmental entities.

12. Lane County offered no process for decedent Peterson or his Estate to regain any of the surplus equity from the tax foreclosure of his property.

B.  **DEFENDANTS**

13. Defendant Lane County is a political subdivision of the State of Oregon.

14. Defendant Lane County effected a Taking of Plaintiff's by unconstitutionally retaining the property and surplus equity from the tax foreclosure of decedent Peterson's former property.

15. Defendant Lane County follows the same process as all other counties in the State of Oregon regarding the retention and distribution of surplus proceeds that ORS 275.275 and ORS 275.318 requires.

16. Defendant Ellen Rosenblum, who is sued in her official capacity, is the Attorney General of the State of Oregon ("Defendant Rosenblum"). The Attorney General is responsible for instituting or completing foreclosure proceedings in Lane County and all other Oregon Counties when a district attorney, as ORS 312.005 defines the term, fails to institute or complete foreclosure proceedings in the manner that Chapter 312 "Foreclosure of Property Tax Liens" requires.

17. Defendant Rosenblum maintained, enforced, and permitted all Oregon counties to enforce a statute to retain and distribute surplus proceeds of tax foreclosure sales of Plaintiffs' and Class Members' properties in violation of the Oregon and U.S. Constitutions.

18. Defendant Betsy Imholt, who is sued in her official capacity, is the Director of the Oregon Department of Revenue ("Defendant Imholt"). ORS 312.020, "Supervision by Department of Revenue," provides that the Oregon Department of Revenue "shall have general supervision and control over tax foreclosure proceedings under ORS 312.010 (When real property subject to tax foreclosure) to 312.120 (Period during which property held by county) and 312.130 (Release of claims of county by redemption) to 312.240 (Vacation of judgment) to the end that such proceedings shall be conducted in a uniform and orderly manner in all counties of the state."

Page 4 - COMPLAINT

19. The Director of the Oregon Department of Revenue may call upon the Attorney General to institute or complete foreclosure proceedings that Chapter 312 requires whenever a district attorney, as ORS 312.005 defines the term, fails to institute or complete foreclosure proceedings.

## JURISDICTION AND VENUE

20. Plaintiff repeats, realleges, and incorporates herein by reference all preceding paragraphs.

21. This Court has subject matter jurisdiction of this action as the federal claims in this Complaint arise under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution and, as a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

22. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Oregon Constitution pursuant to 28 U.S.C § 1367 because those claims arise out of a common nucleus of operative facts with the federal claims that are within the Court's original jurisdiction.

23. Venue of this action is properly laid in the United States District Court for the District of Oregon because the Defendants are within its geographical jurisdiction and conduct business within the State.

24. Notice of these claims, if these claims were construed as torts pursuant to ORS 30.275, was provided to Defendant Lane County on August 21, 2023, within 180 days after the Supreme Court Decision in *Tyler v. Hennepin Cty.*, 598 U.S. 631, 639 (2023). Defendant Lane County acknowledged Plaintiff's claim on September 15, 2023. Notice of these claims were also provided to Defendants Rosenblum and Imholt by way of a class action, United States District Court for the District of Oregon Case No. 3:23-cv-01502.

## FACTUAL ALLEGATIONS

25. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

26. The United States and Oregon Constitutions limit the government's power by prohibiting a taking of property in the absence of a "public use" and requiring that if property is taken, "just compensation" must be paid.

27. The Fifth Amendment to the United States Constitution states "nor shall private property be taken for public use, without just compensation." The Fourteenth Amendment to the United States Constitution makes the Fifth Amendment applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

28. Article I, Section 18 of the Oregon Constitution similarly provides: "Private property or services taken for public use. Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered…"

29. The United States Constitution also prohibits the imposition of excessive fines. The Eighth Amendment, which applies to the States, provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflected."

30. ORS Chapter 312 contains Oregon's tax foreclosure laws.

31. ORS 312.020 vests supervision and control over tax foreclosure proceedings with the Oregon Department of Revenue. ORS 312.020 allows the Oregon Department of Revenue to call upon the Attorney General to institute or complete foreclosure proceedings and directs the

process by which the county or the Secretary of State reimburses the Attorney General for all costs that the Attorney General incurs in foreclosure proceedings.

32. ORS 312.010(1) makes all land subject to foreclosure for delinquent property taxes after three years of nonpayment. The foreclosure process occurs annually in each county and begins with the preparation of a list of the delinquent parcels within the county's boundaries, as ORS 312.030(1) prescribes. The county then brings one "general proceeding" against each property pursuant to ORS 312.050(2). ORS 312.040(1) directs all counties to provide notice to the owners by publication of the foreclosure list in a newspaper of general circulation within the county and by certified and first-class mail to the owner of each parcel according to the county deed records. ORS 312.070 allows any person interested in any real property in the foreclosure list to file an answer and defense to the application for the judgment of foreclosure and the court hears the answer in a summary manner, as ORS 312.080 describes. If the objection is overruled, or if no objection is raised, the court enters a judgment foreclosing the tax liens, pursuant to ORS 312.100, and ordering "that the several properties be sold directly to the county for the respective amounts of taxes and interest for which the several properties are liable."

33. After the judgment of foreclosure, ORS 312.120(1) and (2) directs that for two years after the sale, any person with an interest in a parcel, including any heir, devisee, or lienholder, can "redeem" the interest in the property by paying the taxes owed, plus interest and a penalty. If not redeemed within that time, the property is deeded to the county without any encumbrances, pursuant to ORS 312.200.

34. After the redemption period runs, Defendant Lane County as well as all other Oregon counties, keep the property for their own use or sell the foreclosed property and retain all proceeds from the sale. This specific stage of Oregon's tax foreclosure process, when Defendant

Lane County, and all other counties in Oregon, retain and distribute all proceeds pursuant to ORS 275.275 and ORS 275.318, is the subject matter of this action and the point at which decedent Peterson's properties were taken without just compensation and at which excessive fines are imposed against property owners such as decedent Peterson.

35. ORS 275.275 directs Defendant Lane County and all other Oregon counties, to retain and distribute the surplus proceeds in a compulsory and uniform manner. The proceeds from the sale first reimburse the county general fund for the amount of state taxes owed to the county. Next, the proceeds reimburse the county general fund for any penalties and fees the county incurred in the maintenance of the tax-foreclosed property prior to its sale or transfer to the county. The balance of the remaining proceeds is then distributed to an account or fund created in the discretion of the county treasurer, to municipal corporations holding local improvement liens, and to the certified taxing districts within the county. Additionally, ORS 275.318 allows the governing body of a county to sell or lease real property acquired in any manner by the county, if that property is located in an area planned and zoned for industrial use under an acknowledged comprehensive plan of the county, the governing body may order all the moneys paid to the county under the terms of the sale be deposited with the county treasurer and credited to a special fund created by the governing body and designated the Industrial Development Revolving Fund of the county.

36. Officials in each county of the state of Oregon are charged with enforcing or uniformly acting in accordance with ORS 275.275 and ORS 275.318.

37. Defendant Lane County, therefore, retains all the excess equity or value in the property even after taxes and all associated charges have been fully satisfied, pursuant to ORS 275.275 and ORS 275.318.

38. No mechanism is available for the former property owner to recover the excess equity or value of the surplus proceeds after the sale of the property.

39. The County retains and distributes the proceeds or property years after the foreclosure judgment. This means that while property owners can object to and answer the foreclosure judgment at a foreclosure hearing, property owners cannot possibly answer and object to the separate and subsequent matter of the distribution of proceeds at the foreclosure hearing because the sale, retention, and distribution of proceeds has not yet occurred, may not ever occur after the foreclosure hearing, or will occur at an unknown future date for unknown sale and surplus proceeds amounts.

40. In May 2023, the United States Supreme Court held that the retention of proceeds from a tax sale above the amount owed from the unpaid property taxes constitutes a "classic taking in which the government directly appropriates private property for its own use." *Tyler v. Hennepin Cty.*, 598 U.S. 631, 639 (2023). The Supreme Court explained that State law cannot "sidestep the Takings Clause by disavowing traditional property interests in assets it wishes to appropriate." *Id.* at 638.

41. Plaintiff has constitutional and prudential standing under Article III of the United States Constitution to pursue the claims set forth herein.

## CLAIM I

### DECLARATORY JUDGMENT THAT ORS 275.275 VIOLATES THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

### ASSERTED AGAINST ALL DEFENDANTS

42. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 – 41 as if fully set forth herein.

43. In material part, 28 U.S.C. § 2201 (a) provides, that "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

44. On its face, or as applied, ORS 275.275 and ORS 275.318 violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

45. Defendant's enforcement of ORS 275.275 and ORS 275.318 constitutes a continuing violation of federal law.

## CLAIM II

### VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AMENDMENT PROHIBITION ON TAKINGS WITHOUT JUST COMPENSATION, 42 U.S.C. § 1983

### ASSERTED AGAINST DEFENDANT LANE COUNTY

46. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 -45 as if fully set forth herein.

47. The Fifth Amendment to the United States Constitution provides that "nor shall private property be taken for public use, without just compensation," U.S. Const., Amend. V, known colloquially and jurisprudentially as the "Takings Clause" of the United States Constitution.

48. The Takings Clause is applicable to all States through the Fourteenth Amendment, and by extension their subdivisions, instrumentalities, and departments, including the Defendants. *See, e.g., Tyler*, 598 U.S. at 637; *Palazzolo v. Rhode Island,* 553 U.S. 606 (2001).

49. "[T]he purpose of the Takings Clause is to prevent the government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Palazzolo,* 533 U.S. at 618.

Page 10 - COMPLAINT

50. Defendant Lane County's retention of the surplus proceeds amounts to a Taking of private property for public use without just compensation. *Tyler*, 598 U.S. at 639.

51. A legislature cannot constitutionally enact a law which effects a Taking of private property without just compensation. *See, e.g.*, *Tyler*, 598 U.S. at 638; *Acker v. Comm'r of Internal Revenue,* 258 F. 2d 568 (6th Cir., 1958), *aff'd* 361 U.S. 87 (1959).

52. Decedent Peterson had a cognizable property interest in his parcels and Plaintiff has a cognizable property interest in the surplus equity that the Fifth Amendment to the United States Constitution and its Takings Clause protect.

53. Defendant Lane County physically took decedent Peterson's real property and physically took, now possess, and refuse to tender and deliver to Plaintiff the surplus equity.

54. In the alternative, decedent Peterson's property has been retained and used for a valid public use, but decedent Peterson and Plaintiff have not received just compensation and decedent Peterson and Plaintiff have been forced to bear alone public burdens which in all fairness and justice the public should bear as a whole.

55. Defendant Lane County did not offer to pay just compensation before, during, or after the taking of decedent Petereson's property.

56. Defendants have not provided Plaintiff an adequate procedure to seek just compensation for the taking of decedent Peterson's surplus equity and have therefore violated decedent Peterson and Plaintiff's rights to Due Process that the Fifth Amendment guarantees.

57. Plaintiff's claims asserted herein before this Court are mature and ripe.

58. Plaintiff has suffered damages. The Takings Clause requires Defendants to pay Plaintiff money damages that constitute just compensation for the Taking of decedent Peterson's private property.

59. Decedent Peterson's constitutional right to just compensation for government seizure of his property for public purposes is a fundamental right deeply rooted in this country's legal traditions and central to the concept of ordered liberty. Defendants' conduct has deprived decedent Peterson and Plainittif of that fundamental right.

60. 42 U.S.C. § 1983 provides that,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

61. It is the policy and custom of Defendants to use for public purposes and not deliver or tender to former property owners their property or surplus proceeds that Defendants took from them without just compensation.

62. Defendant Lane County is liable to Plaintiff under 42 U.S.C. § 1983.

63. Defendant Lane County has caused decedent Peterson and his Estate to suffer material damages pursuant to 42 U.S.C. § 1983. Defendants are liable to pay Plaintiff money damages for its injuries.

### CLAIM III

**VIOLATION OF THE TAKINGS CLAUSE, ARTICLE 1, § 18 OF THE OREGON CONSTITUTION**

**ASSERTED AGAINST DEFENDANT LANE COUNTY**

64. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 63 as if fully set forth herein.

65. Article I, section 18 of the Oregon Constitution provides that: "Private property or services taken for public use. Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered[.]"

66. Article I, section 18 requires the government to determine and pay just compensation before taking private property for a public use.

67. Lane County took, retained, and distributed the surplus equity without a valid public use.

68. Lane County took, retained, and distributed the surplus equity without providing just compensation.

69. The Takings of decedent Peterson's property by Lane County without just compensation injured decedent Peterson and his Estate is entitled to just compensation and other relief.

## CLAIM IV

### VIOLATION OF THE UNITED STATES CONSTITUTION'S EIGHTH AMENDMENT PROHIBITION ON EXCESSIVE FINES, 42 U.S.C. § 1983

### ASSERTED AGAINST DEFENDANT LANE COUNTY

70. Plaintiff repeats and reallege the allegations contained in Paragraphs 1 - 69 as if fully set forth herein.

71. The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

72. Confiscating the entire value of decedent Peterson's property including the excess or surplus equity in because of non-payment of small amounts of real estate taxes is an excessive fine under Eighth Amendment to the United States Constitution.

73. Defendants are engaged in assessing and collecting prohibited excessive fines.

74. The unlawful excessive fines under the United States Constitution have injured and damaged decedent Peterson and Plaintiff and they are entitled to relief as a result.

DEMAND FOR JURY TRIAL

75. Plaintiffs demand trial by Jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

(a) The Court issue a declaratory judgment declaring and adjudging that ORS 275.275 and ORS 275.318 violates the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution;

(b) The Court issue a declaratory judgment declaring and adjudging that the Defendant's use and takings of the surplus proceeds constitute a Taking of private property for public use without just compensation in violation of the Fifth Amendment to the United States and Oregon Constitutions;

(c) The Court issue a declaratory judgment declaring that Defendant's taking of Plaintiff's property was for no valid public use and violates the United States and Oregon Constitutions;

(d) The Court award the difference between the fair market value of the property and the taxes and associated fees that the former property owner owed;

(e) The Court award all other appropriate damages in an amount to be determined at trial;

(f) The Court award Plaintiff prejudgment and post-judgment interest, as permitted by law;

(g) The Court award Plaintiff all costs and fees, including attorneys' fees, as permitted by law and pursuant to 42 U.S.C. § 1988 and ORS 20.085; and

(h) The Court grant such other legal, declaratory, equitable or further relief as the Court may deem just and proper.

DATED this 11th day of March, 2024.

Respectfully submitted,

s/ Phillip M. Williams
Phillip M. Williams, OSB No. 974376
Phillip M. Williams, P.C.
2295 Coburg Rd., Ste. 302
Eugene, OR 97401
(541) 521-4266
philmwilliams@msn.com

PLAINTIFF DEMANDS JURY TRIAL

s/ Phillip M. Williams
Phillip M. Williams, OSB No. 974376
Phillip M. Williams, P.C.
2295 Coburg Rd., Ste. 302
Eugene, OR 97401
(541) 521-4266
philmwilliams@msn.com

Page 15 - COMPLAINT