IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PENNY FOSHEE**, *Personal Representative of the Estate of James E. Peterson, Jr., an Oregon Estate*,

        **Plaintiff**,

v.

**LANE COUNTY**, *a political subdivision of the State of Oregon*,

        **Defendant**.

Case No. 6:24-cv-00447-MC

**ORDER & OPINION**

**MCSHANE, District Judge:**

Plaintiff brings this lawsuit challenging Oregon's statutory procedure related to the sale of foreclosed property. Compl. ¶ 2, ECF No. 1. Plaintiff asserts that Defendant Lane County's retention and distribution of surplus proceeds in excess of Plaintiff's unpaid taxes violates the Takings and Excessive Fines clauses of both the U.S. and Oregon Constitutions. Plaintiff's position relies on the Supreme Court's recent decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023). *See* Compl. ¶¶ 3–5.

Defendant now moves to dismiss for failure to state a claim. Def.'s Mot. 1; ECF No. 8. Because Plaintiff's § 1983 and state law claims are time-barred by the applicable statute of limitations, and because Plaintiff lacks standing to seek prospective relief, Defendant's Motion is GRANTED.

1 – OPINION & ORDER

## BACKGROUND

In 2015, Decedent James E. Peterson became the sole beneficiary of a trust which included property located in Dexter, Oregon (the "Peterson Property"). Compl. ¶ 7. On February 4, 2016, the trust was dissolved, and the Peterson Property was distributed and deeded to Peterson. *Id*.

Around September 2017, Defendant Lane County foreclosed on and took ownership of the Peterson Property. *Id*. ¶ 8. Peterson owed Defendant $19,070.62 in back taxes and penalties, but the difference between the Peterson Property's fair market value and Peterson's debts was approximately $2.28 million. *Id*. ¶¶ 8–9.

Following Peterson's death, Plaintiff Penny Foshee became the personal representative of Peterson's estate. *Id.* ¶ 6. On March 11, 2024, Plaintiff filed this action challenging two Oregon statutes that allow Defendant to retain the excess proceeds of the foreclosure sale instead of returning them to the former property owner. *Id*. ¶¶ 10–11. Plaintiff further contends that Defendant offered no process for Peterson (or his estate) to regain any of the surplus equity from the tax foreclosure of the property. *Id*. ¶ 12. Claim 1 of the Complaint seeks a declaratory judgment finding that the Oregon statutes violate the Fifth, Eighth, and Fourteenth Amendments. Claims 2 and 4 are brought under 42 U.S.C. § 1983 and seek damages for alleged violations of the Fifth and Eighth Amendments. Lastly, Claim 3 seeks damages for alleged violations of the Oregon Constitution's Takings Clause.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations

allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant offers several grounds for its Motion to Dismiss. However, because issues concerning the applicable statute of limitations and Plaintiff's standing are sufficient to warrant dismissal of this action, the Court need not address the merits of Plaintiff's claims or Defendant's arguments at this time.

**I.     Oregon's Two-Year Statute of Limitations for Personal Injury Actions Bars Plaintiff's § 1983 Claims**

Plaintiff's second and fourth claims allege violations of the Fifth and Eighth Amendments under 42 U.S.C. § 1983. That statute provides:

> Every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

3 – OPINION & ORDER

Local government entities are considered 'persons' within the context of § 1983 actions and can be sued directly for declaratory or injunctive relief where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006).

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, Ninth Circuit courts apply the forum state's statute of limitations for personal injury actions. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F. 3d 1191, 1198 (9th Cir. 2014). In Oregon, personal injury claims must be commenced within two years of the injury. *See* ORS § 12.110(1). Plaintiff's § 1983 claims are thus subject to a two-year statute of limitations. *See David Hill Dev., LLC v. City of Forest Grove*, 688 F. Supp. 2d 1193, 1223 (2010) (explaining that a plaintiff's takings claims brought under § 1983 were subject to a two-year statute of limitations in Oregon).

The parties dispute the point at which the two-year statute of limitations begins to accrue. "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Bonelli v. Grand Canyon Univ.*, 28 F.4th. 948, 952 (9th Cir. 2022) (citations and quotation marks omitted). Under federal law, a civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. (citations and quotation marks omitted). As relevant here, a plaintiff asserting a takings claim may bring a federal suit starting at the time of the taking. *See Knick v. Twp. Of Scott, PA*, 588 U.S. 180, 194 (2019).

Plaintiff argues that her federal claims did not accrue until the Supreme Court decided *Tyler* on May 25, 2023. Pl.'s Resp. 14–15, ECF No. 9. But *Tyler* did not magically create a cause of

4 – OPINION & ORDER

action which would allow Plaintiff to pursue her claims. Rather, the Supreme Court held in *Tyler* that the plaintiff plausibly alleged and had standing to bring a Takings Clause claim under the Fifth Amendment. 598 U.S. at 636. But *Tyler* did not rewrite the rules concerning Plaintiff's duty to timely file her lawsuit.

As the Complaint clearly states, Defendant foreclosed on and took ownership of the Peterson Property in September of 2017. Compl. ¶ 8. Plaintiff's takings claim would accrue on the day that Defendant took ownership of the Peterson Property. Under Oregon's two-year statute of limitations for personal injury actions, Plaintiff would have had two years to bring her § 1983 claims from the time of the foreclosure. But Plaintiff instead waited until March 11, 2024—more than four years after the statute of limitations expired—to file her Complaint. By that time, the applicable window for Plaintiff to pursue her § 1983 claims had closed.

**II.     Oregon's Six-Year Statute of Limitations for Personal Injury Actions Bars Plaintiff's State Law Claim**

Plaintiff's state law claim is similarly time-barred by Oregon's applicable six-year statute of limitations.[1] The Oregon Supreme Court has repeatedly held that the six-year limitations period established by ORS § 12.080 applies to takings claims brought under state law. *See e.g. Walton v. Neskowin Reg'l Sanitary Auth.*, 550 P.3d 1, 12 (Or. 2024); *Suess Builders Co. v. City of Beaverton*, 656 P.2d 306, 314–15 (Or. 1982) (applying a six-year statute of limitations to a claim brought under Art. I, § 18 of the Oregon Constitution); *Foster Grp., Inc. v. City of Elgin*, 332 P.3d 354, 364 (Or. App. 2014) (same).

---

[1] The Court construes Plaintiff's state law claim as an inverse condemnation claim. *See* Compl. ¶ 69 ("The [t]akings of decedent Peterson's property by Lane County without just compensation injured decedent Peterson[,] and his Estate is entitled to just compensation and other relief.").

Under Oregon law, the statute of limitations of Plaintiff's takings claim began to run when Defendant took ownership of the Peterson Property in September of 2017. *See Foster Grp., Inc.*, 332 P.3d at 364. Under Oregon's six-year statute of limitations period pursuant to ORS § 12.080, Plaintiff had until September of 2023 to file her state law claims. But because Plaintiff waited until March 11, 2024 to file her Complaint, her state law claims are untimely.

### III.     Plaintiff is Not Entitled to Equitable Tolling

Next, Plaintiff argues that equitable tolling should apply if the Court finds her claims barred by the applicable statute of limitations. Pl.'s Resp. 14. "A court may pause the running of a limitations statute when a party has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from meeting a deadline." *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019) (citations and quotations omitted) (cleaned-up).

To obtain equitable tolling, a plaintiff must establish two elements: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstances stood in her way. *Id*. "The first element requires the effort that a reasonable person might be expected to deliver under [her] personal circumstances[] and asks whether the plaintiff was without any fault in pursuing [her] claim." *Id*. (internal citations and quotations omitted). "The second element requires the litigant to show that extraordinary circumstances were the cause of [her] untimeliness and made it impossible to file the document on time." *Id*. (quoting *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013)) (cleaned-up).

Plaintiff offers several potential justifications for equitable tolling, but the Court finds none to be persuasive. Plaintiff first asserts that she could not bring her claims because she was not aware of any surplus equity Defendant retained from the Peterson Property. Pl.'s Resp. 17.

Alternatively, Plaintiff argues that she did not know about the existence of her possible claims because the Supreme Court had not yet decided *Tyler*. *Id*. Neither argument, however, demonstrates reasonable diligence or extraordinary circumstances.

The Court will not equate Plaintiff's lack of diligence with an absence of constructive notice. It was Plaintiff's responsibility to know the value of the Peterson Property, and she could have timely filed her Complaint at any point in the two years after the alleged taking. Moreover, the legal basis of her claims existed irrespective of the outcome in *Tyler*. In that case, the Supreme Court found that a state's retention of a foreclosure surplus constituted an unconstitutional taking. 598 U.S. at 638. Contrary to Plaintiff's assertion, the *Tyler* case did not create a new cause of action for Plaintiff to suddenly file her claims. In fact, both the plaintiff's arguments and the Supreme Court's reasoning in *Tyler* can be simplified to a standard analysis under the Fifth Amendment's Takings Clause. *See id*. at 637–645. Plaintiff could have advanced the same arguments as the plaintiff in *Tyler* had she timely filed her Complaint.

### IV.    Plaintiff Lacks Standing to Pursue Her Facial Challenges

Finally, Plaintiff challenges ORS § 275.275 and ORS § 275.318—Oregon's statutes which authorize and outline Defendant's tax foreclosure procedure. As a general matter, takings claims are bifurcated into "facial" challenges and "as-applied" challenges. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993). "A facial challenge involves a claim that the mere enactment of a statute constitutes a taking, while an as-applied challenge involves a claim that the particular impact of a government action on a specific piece of property requires the payment of just compensation." *Id*. (citation and quotations omitted). Plaintiff's claim is squarely a facial challenge, as she states that her lawsuit is about ending Defendant's "practice." Pl.'s Resp. 2.

Although Plaintiff explicitly brought her other federal claims under § 1983, her facial challenge omits any designation of the statute. *See* Compl. ¶¶ 42–45. It is unclear if Plaintiff's omission was intentional or accidental. Indeed, both parties' pleadings cite exclusively to cases brought under § 1983. *See* Def.'s Mot. 12–16; Pl.'s Resp. 14–19. If Plaintiff intended to bring her claim under § 1983, then the Court's analysis could stop here. Like her other federal claims, Plaintiff's facial challenge would be time-barred by Oregon's two-year statute of limitations.

The Court may only dismiss a claim on statute of limitations grounds "if, [after] accepting all well-pled facts in the complaint as true, 'it appears beyond doubt that plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *United States v. Page*, 106 F.4th 834, 383 (9th Cir. 2024) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)). Ambiguity about whether Plaintiff's facial challenge was brought under § 1983 creates a sufficient doubt. Within the Complaint, Plaintiff appears to assert her claim pursuant to the Declaratory Judgment Act—a statute which alone does not confer the Court with subject matter jurisdiction.[2] Compl. ¶ 43; 28 U.S.C. § 2201(a); *San Diego Cnty Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022 (9th Cir. 2023). But neither party has briefed the Court on the grounds underlying Plaintiff's facial challenge to Oregon's statutes, and the Court need not decide that issue today, other than to articulate a doubt about the basis of Plaintiff's claims.

Separately, "[f]ederal courts are required *sua sponte* to examine jurisdiction issues such as standing." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Article III of the Constitution limits the Court's jurisdiction to "cases" and "controversies." *Susan B. Anthony List*

---

[2] To the opposite, the Ninth Circuit has clearly explained that "a [p]laintiff has no cause of action directly under the United States Constitution" and "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (dismissing appeal for lack of subject matter jurisdiction where federal takings claim was not brought under § 1983).

8 – OPINION & ORDER

*v. Driehaus*, 573 U.S. 149, 157 (2014). "The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process." *Id*. (citation and quotation marks omitted) (cleaned-up).

"[A] plaintiff must establish standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000). "[A] plaintiff who has standing to seek damages for a past injury, or injunctive relief for an ongoing injury, does not necessarily have standing to seek prospective relief such as a declaratory judgment." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

The party seeking declaratory relief must demonstrate the three elements that comprise the "irreducible constitutional minimum of standing": (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" that is (2) "causal[ly] connect[ed]" and "fairly traceable" to "the conduct complained of" and "not the result of the independent action of some third party not before the court" and (3) "likely as opposed to merely speculative," such that "the injury will be redressed by a favorable decision." *San Diego Cnty.*, 65 F.4th at 1022–23 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up)). "To have such standing, the plaintiff must have a personal stake in the outcome of each claim and for each form of relief that is sought which exists, not only at the time the complaint is filed, but through all stages of the litigation." *Id*. at 1023 (citations and quotations omitted) (cleaned up).

Plaintiff has failed to establish an injury that is "actual or imminent." Plaintiff's injuries appear to be limited to an alleged taking in 2017, with no risk of any future harm. To be sure, the alleged taking is not completely irrelevant to any standing analysis, and such a past injury might support Plaintiff's standing for her Plaintiff's time-barred § 1983 claims and any applicable

damages. But in the context of prospective relief, past wrongs are "insufficient by themselves to grant standing." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

Similarly, the Court is also unsure how any injury would be redressed by a favorable decision. The only relief that would redress Plaintiff's alleged injury is an award of any proceeds from the sale of the Peterson Property. But even if the Court granted a declaratory judgment in Plaintiff's favor, any order would be limited to a finding that Oregon's statutes are unconstitutional. Plaintiff would instead need to rely on § 1983 to redress her injuries, but that avenue has since been closed by Oregon's two-year statute of limitations.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 8) is GRANTED. Claim 1 is DISMISSED without prejudice because Plaintiff lacks standing to pursue her intended declaratory relief. Claims 2, 3, and 4, are DISMSSED with prejudice because they are time-barred by the applicable statute of limitations, and any future amendments would be futile.

IT IS SO ORDERED.

DATED this 26th day of August, 2024.

                                                                                /s/ Michael J. McShane     
                                                                                  Michael J. McShane
                                                                           United States District Judge